# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN LEGAL CENTER,<br>1411 K St. NW, Suite 1400<br>Washington, DC 20005<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br><br>                Defendant. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Department of Justice to produce unredacted records responsive to a February 17, 2017, FOIA request concerning President Trump's allegations and proposed investigation of "widespread voter fraud."

## JURISDICTION AND VENUE

2.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.    Plaintiff Campaign Legal Center, Inc. ("CLC") is a nonpartisan, nonprofit legal organization that, among other activities, engages in local, state, and federal actions

to counter voter suppression efforts. As part of these activities, CLC conducts research, publishes reports and articles, and regularly provides expert analysis to the media. CLC is also involved in litigation throughout the country regarding voting rights matters, which often involve examining the motive and intent behind the passage of voting restrictions.

4. Defendant Department of Justice ("DOJ") is a department of the Executive Branch of the United States Government. The Office of Information Policy ("OIP") and the Office of the Attorney General ("OAG") are components of defendant DOJ. Defendant DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

5. On February 15, 2017, CLC submitted to OAG a FOIA request for records pertaining to President Trump's allegations of and proposed investigation into "voter fraud." Specifically, Plaintiff's request sought, among other things, documents related to "President Trump's public voter fraud allegations" and the "creation of a commission or other agency to investigate or otherwise address alleged voter fraud." *See* Ex. 1 at 4 (2/15/17 FOIA Letter).

6. Following correspondence between Plaintiff and OIP, on August 22, 2017, OIP produced its final response, which comprised only six pages of responsive documents. *See* Ex. 2 (8/22/17 OIP Response). One of the responsive documents was an email chain from February 22 to March 3, 2017. The email chain related to the Administration's early plans to form what would eventually become the Presidential Advisory Commission on Election Integrity. The author of the original February 22

email discussed the author's "disturbing phone call" in which he was informed that the commission might be "bipartisan and include Democrats." The author further explained his views and advocated for his inclusion in the commission plans: "[t]here isn't a single Democratic official that will do anything other than obstruct any investigation . . . . If they are picking mainstream Republican officials and/or academics to man this commission it will be an abject failure because there aren't any that know anything about this [issue] . . . .We are astonished that no one in the WH has even bothered to consult with [redacted] despite the fact that the three of us have written more on the voter fraud issue than anyone in the country on our side of the political aisle. I think you know from the white paper we sent you that based on our experience we have thought long and hard about what needs to be done." Ex. 2 at 5. This email was eventually forwarded to Attorney General Sessions, via his assistant, and then forwarded by Attorney General Sessions from one email account to his official DOJ email address.

5. The name of the original sender of the email was redacted from the document produced to Plaintiff, as were the names of the original recipients and the person who eventually forwarded the email to the Attorney General's assistant.

6. Additionally, the names of several key individuals referenced in the email were redacted:

- "[redacted] got a very disturbing phone call about the voter fraud commission that Vice President Pence is heading."

- "There are only a handful of real experts on the conservative side on this issue and not a single one of them (including [redacted]) have been called other than Kris Kobach, Secretary of State of Kansas."

- "[redacted] are concerned that this commission is being organized in a way that will guarantee its failure. We are astonished that no one in the WH has even bothered to consult with [redacted] despite the fact that the three of us have written more on the voter fraud issue than anyone in the country on our side of the political aisle."

    Ex. 2 at 5.

7. Press investigations later revealed that the author of the original email was Hans von Spakovsky, who was, subsequent to the email, appointed to be a member of the President's Advisory Commission on Election Integrity. Mr. von Spakovsky confirmed in an official statement that he sent the original email. Ex. 3 (von Spakovsky Public Statement). He therefore retains no further privacy interest in his identity on this matter.

8. The names of the original recipients, the person who forwarded the email to the Attorney General's assistant, and those referred to in the body of the email remain concealed.

9. This email constitutes an important communication with the Attorney General regarding an issue of extraordinary public interest and a matter central to public confidence in government: allegations of widespread voter fraud.

10. The value of the released document, however, is severely limited because of the unnecessary redactions of names throughout the document. Without those names, it is unclear: (1) which individuals Mr. von Spakovsky was advocating as "real experts," whose scholarly work he was advocating to the Attorney General of the United States as authoritative, (2) who else purportedly shared Mr. von Spakovsky's views about "what needs to be done" and how the commission or any other voter fraud investigation or policy proposal should be formulated, and (3) who transmitted these views to the Attorney General.

11. Release of the redacted names would not constitute a clearly unwarranted invasion of personal privacy pursuant to 5 U.S.C. 552(b)(6). Plaintiff does not object to the redaction of phone numbers, email addresses, or other private data.

12. All persons referenced in the body of the email are referenced in their professional capacities. The email contains no information of an intimate or personal nature. All those receiving the email were similarly receiving an email regarding business matters.

13. One of the other documents DOJ released in the same FOIA response was a letter to then-Attorney General Lynch from a private citizen requesting an investigation into "possible voter fraud and voter suppression." DOJ did not redact the name of that citizen. Ex. 2 at 6.

14. On September 19, 2017, Plaintiff submitted an appeal of OIP's decision to redact the names in the email in question. Ex. 4 (CLC Appeal).

15. On January 18, 2018, OIP denied Plaintiff's appeal and upheld all of the original (b)(6) redactions: "[t]he [Initial Request] Staff properly withheld certain information because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. 552(b)(6) and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision. This provision concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties." Ex. 5 at 1 (OIP Denial).

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

### for Wrongful Withholding of Agency Records

16. Plaintiff repeats and alleges paragraphs 1-15.

17. Defendant's failure to make available the complete records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

18. FOIA Exemption 6, 5 U.S.C. § 552(b)(6), does not allow for the specified redactions under these circumstances.

19. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's redactions in the responsive records.

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Order that the redacted names in the documents sought by the Plaintiff's Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

B.      Order Defendant DOJ to disclose the responsive records with all names unredacted;

C.      Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

D.      Grant such other relief as the Court deems just and proper.

Dated: February 13, 2018

                By:      __/s/ Adav Noti_____
                          Adav Noti (DC Bar No. 490714)
                          Danielle M. Lang (recently admitted to D.C. bar, bar number forthcoming; D.D.C. bar petition for admission pending)
                          Jacob Kenswil (*pro hac vice* motion forthcoming; D.C. bar application pending)*
                          Campaign Legal Center
                          1411 K. St. NW, Suite 1400
                          Washington, DC 20005
                          Tel: (202) 736-2200
                          Email: anoti@campaignlegalcenter.org
                          Email: dlang@campaignlegalcenter.org

                          * Admitted only in New York; supervision by Adav Noti, a member of the D.C. bar