# Exhibit 4



Laurie Day
    *FOIA Public Liason*
James Smith
    *Attorney-Advisor*
Vanessa R. Brinkmann
    *Senior Counsel*
Office of Information policy
United States Department of Justice
1425 New York Avenue NW, Suite 11050
Washington, DC 20530-001

*Via U.S. mail, email, and facsimile*

September 19, 2017

Dear Ms. Day, Mr. Smith, and Ms. Brinkmann,

I am in receipt of your August 22, 2017 response on behalf of the Office of the Attorney General to Campaign Legal Center's ("CLC") February 15, 2017 Freedom of Information Act ("FOIA") request regarding President Trump's allegations of voter fraud and the creation of a commission to investigate the same (DOJ-201-002322(AG)). Thank you for your attention to this matter.

I am writing regarding the adequacy of this response. Specifically, I am writing to ask that you remove several redactions in this response made pursuant to 5 U.S.C. § 552(b)(6) and clarify whether the scope of your search included all of Attorney General Sessions' email addresses. It is apparent from an e-mail chain within the response that Attorney General Sessions uses another email account other than his "Official DOJ Email Address" for some DOJ business.

## I.    Exemption 6 Redactions

A number of the redactions in the response are an inappropriate use of Exemption 6 and must be removed in order to be fully responsive to our request. While we do not object to the Department's redaction of email addresses and phone numbers, we believe all of the redactions of names in the response are impermissible under Exemption 6 and relevant case law.

Specifically, the second and third pages of the FOIA response contain an email message that was forwarded to Peggie Hanrahan, an assistant to Attorney General Sessions, and then forwarded to one of Attorney General Sessions' email accounts, and then along to his official DOJ email address. Both the identity of the initial author of the February 22 email (time-stamped 7:36:03 PM CST) and the individual receiving that email and forwarding it to Ms. Hanrahan (timestamped 8:50:14 PM EST) are redacted. It also appears that there were other recipients of the initial email whose names are also redacted. Finally, the identity of several individuals referenced in the body of the email are redacted:

- "[redacted] got a very disturbing phone call about the voter fraud commission that Vice President Pence is heading."
- "There are only a handful of real experts on the conservative side on this issue and not a single one of them (including [redacted]) have been called other than Kris Kobach, Secretary State of Kansas.
- "[redacted]" are concerned that this commission is being organized in a way that will guarantee its failure. We are astonished that no one in the WH has even bothered to consult with [redacted] despite the fact that the three of us have written more on the voter fraud issue than anyone in the country on our side of the political aisle.

Exemption 6 is limited to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). None of these redactions meet that standard.

First, with respect to the initial email, Hans von Spakovsky and the Heritage Foundation have confirmed in official statements that that Mr. von Spakovsky was the author of the email.[1] Therefore, his name should be unredacted throughout the correspondence because he has publicly acknowledged authoring the email and therefore including his name cannot constitute a "clearly unwarranted invasion of personal privacy." *See, e.g., Multi Ag Media LLLC v. Dep't of Agriculture*, 515 F.3d 1224, 1229 (D.C. Cir. 2008 ("'[I]f no significant privacy interest is implicated . . . FOIA demands disclosure." (quoting *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 870 F.2d 873, 874 (D.C. Cir. 1989))); *see also* Dep't of Justice Guide to the Freedom of Information Act, Exemption 6 at 7 (noting that the privacy exemption "belongs to the individual, not the agency holding the information"), https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption6.pdf; *id.* at 28 ("Individuals generally do not possess

---

[1] Dell Cameron, Jeff Sessions Was Lobbied to Exclude Democrats From Trump's Election Fraud Panel, Gizmodo, Sept. 12, 2017, http://gizmodo.com/jeff-sessions-was-lobbied-to-exclude-democrats-from-tru-1804006784 (including statements from both Heritage Foundation and Mr. von Spakovsky).

substantial privacy interests in information that is particularly well known or is widely available within the public domain.").

Second, the author of the email to Ms. Hanrahan, forwarding the initial email and asking her to give it to AG Sessions has no reasonable expectation of privacy. This individual sent an email to a Department of Justice e-mail address, asking that the message be given to the nation's top law enforcement official and therefore cannot reasonable expect anonymity under FOIA. Dep't of Justice Guide, *supra* at 18-19 ("In some instances, the disclosure of information might involve no invasion of privacy because, fundamentally, the information is of such a nature that little or no expectation of privacy exists. For example, the District Court for the District of Columbia ruled decades ago that FOIA requesters do not ordinarily expect that their names will be kept private[.]"); *see, e.g., People for the Am. Way Found. V. Nat'l Park Service*, 503 F. Supp. 2d at 306 (D.D.C. 2007) ("Disclosing the mere identity of individuals who voluntarily submitted comments regarding the Lincoln video does not raise the kind of privacy concerns protected by Exemption 6 . . . . Moreover, the public interest in knowing who may be exerting influence on [agency] officials sufficient to convince them to change the video outweighs any privacy interest in one's name.").

It is notable that your response redacts the names of the individuals in this email chain—some of whom are well-known public figures and have direct lines to the Attorney General—but does not accord the same "privacy" courtesy to Mr. Gee Gee Roos, a "citizen/taxpayer" that wrote to Attorney General Lynch about his concerns about voter fraud.

Finally, the other individuals mentioned in Mr. von Spakovsky's email do not qualify for redaction under Exemption 6 because the context clearly demonstrates that they are referenced in their professional capacity and do not contain information about those individuals of a personal or intimate nature. As the D.C. Circuit has explained: "Exemption 6 was developed to protect intimate details of personal and family life, not business judgments and relationships." *Sims v. Central Intelligence Agency,* 642 F.2d 562, 575 (D.D.C. 1980); *see also Fuller v. CIA*, 2007 WL 666586 at *4 (D.D.C. Feb. 28, 2007) (finding that Exemption 6 did not apply where the third-party names in documents "appear[ed] in connection with a professional and business relationship" and therefore could not "fairly be characterized as personal information that exemption (b)(6) was meant to protect."). The D.C. Circuit has made clear that the potential for embarrassment, if professional rather than personal, does not justify Exemption 6 redaction. *Sims*, 642 F.2d at 575 ("Clearly Exemption 6 could not be invoked, under *Rose*, to protect the concerns of a contractor who would be embarrassed by disclosure of

his responsibility for shoddy work. No more should it reach the names of those embarrassed by the nature of the contract work they have undertaken.").

Even if any of these individuals have a cognizable privacy interest under Exemption 6, the public interest weighs heavily in favor of disclosure and outweighs any minimal privacy interest. This email chain demonstrates a clear attempt to lobby Attorney General Sessions regarding the composition of a Presidential Advisory Commission and ensure that it is heavily skewed based on partisan affiliation.

After this email was received by Attorney General Sessions, and forwarded by him from one email account to his official account approximately one week later, the author of the initial email—Hans von Spakovsky—was appointed to the Commission.[2] Plainly, the identity of who sent this missive to the attention of Attorney General Sessions would shine light on how commissioners may have been chosen. See *People for the Am. Way. Found.*, 503 F. Supp. 2d at 306 (("[T]he public interest in knowing who may be exerting influence on [agency] officials sufficient to convince them to change the video outweighs any privacy interest in one's name.").

Moreover, the Presidential Advisory Commission on Election Integrity is tasked with investigating our electoral system and making recommendations on how to change it. Thus, the Commission is tasked with critical issues of public interest and, indeed, the Commission's actions have garnered significant attention and concern from the public.[3]  Mr. von Spakovsky's views regarding who the "real experts on the conservative side on this issue" are and who he relies upon and works with on "this issue" would provide the public with valuable information about how he now approaches his work on the Commission. *Id.* at 304 ("Accordingly, to assess the public interest, the Court must examine 'the nature of the requested document and its relationship to the basic purpose of [FOIA] to open agency action to the light of public scrutiny.'").

II.     Attorney General Sessions' Other Email Account

In addition to challenging these redactions, I also write to clarify the scope of your search. It is apparent from the above-described email chain that Attorney General Sessions uses another email address, aside from his "Official DOJ Email Address" for some official business. In the email chain, as redacted, Ms. Hanrahan,

---

[2] White House, Presidential Advisory Commission on Election Integrity, https://www.whitehouse.gov/blog/2017/07/13/presidential-advisory-commission-election-integrity.

[3] White House, Presidential Advisory Commission on Election Integrity Resources, https://www.whitehouse.gov/presidential-advisory-commission-election-integrity-resources (linking to thousands of public comments received by the Commission).

a Department official, forwarded the email to the "Attorney General's Email Address" and then he emailed that chain to his "Official DOJ Email Address." However, the response does not appear to include the full email chain from that other email address.

In order to determine whether Attorney General Sessions took further steps in response to this email or otherwise conducted official business responsive to our request on that email account, that search must be conducted and the results must be disclosed. *See Competitive Enterprise Inst. v. Office of Science & Technology Pol'y*, 827 F.3d 145, 150 (holding that private email accounts of agency officials can be subject to FOIA) ("The Supreme Court has described the function of FOIA as serving the citizens' right to be informed about what their government is up to. If a department head can deprive the citizens of their right to know what his department is up to by the simple expedient of maintaining his departmental emails on an account in another domain, that purpose is hardly served. It would make as much sense to say that the department head could deprive requestors of hard-copy documents by leaving them in a file at his daughter's house and then claiming that they are under her control." (internal quotation marks and citation omitted)).

We believe that you should remove the above-discussed redactions because they do not fall within the proper scope of Exemption 6 and providing responsive documents from Attorney General Sessions' other email account. I am available by email, dlang@campaignlegalcenter.org, or phone, 202-856-7911, to discuss these issues further. If we are not able to resolve these issues at this level, CLC will file an appeal of the adequacy of this response.

Thank you for your consideration.

Sincerely,

Danielle Lang
Senior Counsel*
Voting Rights & Redistricting
Campaign Legal Center
1411 K Street NW Suite 1400
Washington, DC 20005

*Admitted in New York and California only; practice limited to U.S. courts and federal agencies.